IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| Plaintiff, | § § § |
| | § Criminal No. 2:17-CR-018-D(1) |
| VS. | § § |
| JUAN SALAZAR-GONZALEZ, | § § |
| Defendant. | § § |

MEMORANDUM OPINION
AND ORDER

In this memorandum opinion and order, the court addresses defendant Juan Salazar-Gonzalez's ("Salazar's") April 18, 2017 discovery motions and the government's May 30, 2017 motion for discovery.[1]  Salazar is charged in a one-count indictment with the offense of conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846.  The trial in this case is set for September 5, 2017.

I

In Salazar's motion for discovery, he moves for 13 categories (including subcategories) of discovery.  The court has organized some of Salazar's categories of evidence into subcategories for purposes of this memorandum opinion and order.

---

[1]The government has also filed a motion *in limine*.  That motion will be decided during the pretrial conference.

A

*Rule 16 Evidence*

In requests Nos. 1-3, 11, and 12, Salazar requests that the government be ordered to disclose information or evidence as required by Fed. R. Crim. P. 16(a)(1)(A)-(F). In request No. 1, Salazar requests that the government be ordered to disclose any oral, written, or recorded statements made by Salazar within the possession, custody, or control of the government, including any audio recordings and the substance of any oral statements made by him to government agents or law enforcement officers, including probation or parole officers, before or after his arrest. Salazar requests in request No. 2 that the government be ordered to disclose all books, papers, documents, photographs, tangible objects, or copies or portions thereof, within the possession, custody, or control of the government that are material to the preparation of Salazar's defense, or are intended to be used in the government's case-in-chief, or were obtained from or belong to Salazar. This request includes any checks and other securities, computers, programs, software, diskettes, printers, check stock, counterfeit payroll, chemicals, fingerprints, handwriting exemplars, identification, bank statements, and other potential evidence. In request No. 3, Salazar requests that the government be ordered to disclose any results or reports of all physical or mental examinations and of scientific tests or experiments conducted by federal or state authorities in the course of the investigation of this case, and any related state investigation of Salazar, including all fingerprints or handwriting reports, and results compiled by, and who examined, known fingerprints, palm prints, or handwriting exemplars of Salazar and

compared them to questioned specimens. This request includes any chemical analysis of narcotics and reports generated from tests, and a request to review the reports of polygraph tests administered to participating government informants.[2] Salazar requests in request No. 11 that the government be ordered to disclose any information or evidence gained by electronic surveillance, including wiretaps, videotapes, and tape recorded conversations, or the like, concerning Salazar, any alleged coconspirators or codefendants, and/or any witness. In request No. 12, Salazar requests that the government be ordered to disclose a copy of his prior criminal record, including the disposition of the cases.

To the extent that Salazar requests discovery that the government is required to disclose under Rules 16(a)(1)(A)-(F), 12(b)(4), and 26.2, *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, *Giglio v. United States*, 405 U.S. 150 (1972), and its progeny, and/or the Jencks Act, 18 U.S.C. § 3500, the motion is granted. To the extent his requests exceed what is required by these authorities, the motion is denied. The government need not produce any discoverable statements covered by the Jencks Act or Rule 26.2 until the deadline specified *infra* at § II.

B

*Impeachment Evidence*

Salazar requests in request No. 4 that the government be ordered to disclose any information that may be used to impeach any government witness, including any evidence

---

[2]*See infra* at § I(D) for discussion of disclosure of any informant's identity.

that may be used to substantially impeach the credibility of any key government witness and any government witness' prior criminal record or other prior material acts of misconduct. In request No. 5, Salazar requests that, pursuant to Fed. R. Evid. 613, the government be ordered to disclose all information that it has regarding inconsistent statements of any witness whom it may call at trial. In request No. 6, Salazar requests that, pursuant to Fed. R. Evid. 607 and 608, the government be ordered to disclose any information regarding the untruthfulness of any government witness that it may call at trial. He requests in request No. 7 that the government be ordered to disclose any information known to the government, or that may become known by searching its files and the files of other government agencies, regarding the use of narcotics by any witness whom the government may call at trial, at the time of their cooperation with the government, when they appeared before the grand jury, when they entered their guilty pleas, or at trial. He also requests disclosure of any psychiatric examinations administered to any informant witness.[3]

To the extent Salazar requests discovery that the government is required to disclose under Rules 12(b)(4), 16, and 26.2, *Brady*, *Giglio*, and/or the Jencks Act, the motion is granted. To the extent his requests exceed what is required by these authorities, the motion is denied.

---

[3]*See infra* at § I(D) for discussion of disclosure of any informant's identity.

- 4 -

C

*Government Investigation Notes*

In request No. 8, Salazar requests that the government be ordered to disclose any notes, tapes, and/or memoranda made by a government agent, including any person who may have been acting as an informer, or in an investigative or undercover capacity.[4] Salazar also requests that, if such notes, tapes, and/or memoranda were once in existence but have since been destroyed, the government be ordered to disclose the purpose and exact information surrounding their destruction, and if such items have not been destroyed, the government be ordered to preserve such items.

To the extent Salazar requests discovery that the government is required to disclose under Rules 12(b)(4), 16, and 26.2, *Brady*, *Giglio*, and/or the Jencks Act, the motion is granted. To the extent his requests exceed what is required by these authorities, the motion is denied. The court grants Salazar's request that the government be required to preserve such notes, tapes, and/or memoranda, even if such materials are not disclosed to Salazar.

D

*Government Communications to Salazar*

In request No. 9, Salazar requests that the government be ordered to disclose whether any government agent, informer, or anyone else acting at the direction of the government has communicated with him since the commencement of adversarial proceedings against him in

---

[4]*See infra* at § I(D) for discussion of disclosure of any informant's identity.

this case or any related state case. Salazar further requests disclosure of the identification of any such individuals and details of the circumstances of such communications, as well as any statements made by him or any government agent.

If the government has used an informant in investigating or prosecuting Salazar, it must notify the court *in camera* no later than July 31, 2017. With respect to other individuals, to the extent Salazar requests discovery that the government is required to disclose under Rules 12(b)(4), 16, and 26.2, *Brady*, *Giglio*, and/or the Jencks Act, the motion is granted. To the extent his requests exceed what is required by these authorities, the motion is denied. The government need not produce any discoverable statements covered by the Jencks Act or Rule 26.2 until the deadline specified *infra* at § II.

E

*Witness Statements*

In request No. 10, Salazar requests that the government be ordered to disclose any witness statements at least 48 hours before the witness testifies at trial or at any sentencing hearing. Salazar requests disclosure of any witness' prior testimony (such as grand jury testimony), prior written statements, and reports or notes, any reports of prior oral statements, and any prosecutor's notes concerning witness statements, that have been or may be adopted, approved, or verified by the witness. Salazar also requests that the court order the government to produce any exculpatory witness statements, negative exculpatory witness statements, and evidence concerning narcotic habits or psychiatric treatment of any government witness. Salazar also seeks to discover the personnel files of any government

witness that may contain evidence material to the preparation of a defense or contain *Brady* or *Giglio* material.

To the extent Salazar requests discovery that the government is required to disclose under Rules 12(b)(4), 16, and 26.2, *Brady*, *Giglio*, and/or the Jencks Act, the motion is granted. To the extent his requests exceed what is required by these authorities, the motion is denied.

The court denies Salazar's request regarding the production deadline for witness statements. "18 U.S.C. § 3500(b) (which pertains to the government) and Rule 26.2(a) (which pertains to the government and to a defendant) do not authorize the court to compel a party to produce a witness statement any earlier than after a witness has testified on direct examination." *United States v. Khoury*, 2014 WL 6633065, at *5 (N.D. Tex. Nov. 24, 2014) (Fitzwater, J.). "In this district, however, it is the custom for Jencks Act-type materials, including statements under Rule 26.2(a), to be disclosed at the end of the business day preceding the date on which the defendant will begin his cross-examination of a witness." *Id.* Thus the government need not produce any discoverable statements covered by the Jencks Act or Rule 26.2 until the deadline specified *infra* at § II.

F

Brady *Material*

Salazar requests in request No. 13 that the government be ordered to disclose 12 subcategories of evidence that he maintains would be exculpatory. He requests that the government's attorney be ordered to examine his or her files and to question the

government's agents, informants, or other persons working with the government in this case, as to their knowledge of any such evidence or materials; and that his counsel be allowed to question the government's attorney and the government's agents concerning their knowledge of exculpatory evidence and diligence in attempting to locate such evidence.

To the extent Salazar requests discovery that the government is required to disclose under *Brady*, the motion is granted. To the extent his requests exceed what *Brady* requires, the motion is denied. The court also denies his request that his counsel be permitted to question the government's attorney and the government's agents concerning their knowledge of exculpatory evidence and diligence in attempting to locate such evidence.

II

Except to the extent that the Jencks Act and Rule 26.2(a) permit later disclosure, the government must comply with its discovery obligations under case law, statute, rule, and this memorandum opinion and order no later than August 7, 2017.

Concerning material covered by the Jencks Act or Rule 26.2, in accordance with the custom in this district, the government must disclose such statements no later than the end of the business day that precedes the date on which the defendant will begin his cross-examination of the witness.

III

The government moves for discovery under Rule 16(b). It maintains that it has complied with, or is in the process of complying with, Salazar's requests for disclosure under Rule 16(a)(1), and it moves the court to order Salazar to comply with the obligations imposed

by Rule 16(b)(1)(A), 16(b)(1)(B), and 16(b)(1)(C).  The government also moves the court to permit the government—at the time a defense witness testifies at trial—to examine, inspect, and copy any evidence, material, or matters that might impeach or discredit the credibility of witnesses whom the defendant intends to call at trial, and to permit the government to examine, inspect, and copy any statements of any witnesses, written, oral, summarized, and/or adopted by said witnesses, including investigator's notes and work papers, that the defendant calls as a witness at the trial.  Salazar has not responded to the motion.

To the extent the government is entitled to discovery under Rule 16(b)(1) and has satisfied any applicable prerequisite prescribed by that rule, the court grants the motion; otherwise, the motion is denied.  Salazar must make the required disclosures no later than the deadline specified *supra* at § II.

**SO ORDERED**.

July 19, 2017.

                                                                            _____
                                                                            SIDNEY A. FITZWATER
                                                                            UNITED STATES DISTRICT JUDGE